UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

LAMONT HARVEY, :
:
           Petitioner, :
:
        v. : No. 2:16-cv-00187
:
JACK SOMMERS et al., :
:
           Respondents. :

**O R D E R**

**AND NOW**, this 26th day of June, 2017, upon consideration of the *pro se* petition of Lamont Harvey, ECF No. 1, his Memorandum of Law in Support, ECF No. 7, the Response in Opposition filed by the Philadelphia District Attorney, ECF No. 16, and of the Report and Recommendation ("R&R") of David R. Strawbridge, United States Magistrate Judge, ECF No. 19, to which no objections have been filed,[1] **IT IS ORDERED THAT**:

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

1. The Report and Recommendation, ECF No. 19, is **APPROVED and ADOPTED**;

2. The petition for a writ of habeas corpus is **DENIED AND DISMISSED**;

3. A certificate of appealability **SHALL NOT** issue because Petitioner has not shown that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong, nor has he shown that reasonable jurists would debate the correctness of the procedural aspect of this ruling;[2] and

4. The Clerk of the Court shall **CLOSE** this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*